No. 26284

William J. Whatley v. Dorothy Stevens Wood, Truman Stevens Wood, Ben Brown Wood, Marie G. Murphy, John V. Cuddy, and Wallace E. McGowan, as Executor of the Estate of Irene McGowan, Deceased — Barney L. Whatley v. The Omaha National Bank (party by substitution for Dorothy Stevens Wood, Deceased) and Marie G. Murphy

(526 P.2d 290)

Decided September 3, 1974.　　Rehearing denied September 30, 1974.

Mincer, Larson and Hartert, Neil S. Mincer, for plaintiff-appellant.

Davis, Graham and Stubbs, Donald S. Stubbs, William E. Meyers, for defendant-appellee Marie G. Murphy.

Dawson, Nagel, Sherman and Howard, Winston S. Howard,

Raymond J. Turner, for claimant-appellant Barney L. Whatley.

Cosgriff, Dunn, French & Seavy, V. G. Seavy, Jr., for defendant-appellee The Omaha National Bank.

*En Banc.*

MR. JUSTICE KELLEY delivered the opinion of the Court.

This appeal is another chapter in the extended litigation relating to the defunct Colorado Carbon Company (the Company). The genesis of the litigation was an action by William Whatley, plaintiff here, to quiet title to certain patented oil shale mining claims in Garfield County aggregating 1,899.60 acres acquired from one Leach, the sole surviving member of the last board of directors of the Company. The defendants were creditors and stockholders of the Company. As the result of the initial decision, *Whatley v. Wood,* 148 Colo. 349, 366 P.2d 570 (1961), title to the land was held to be in the creditors and stockholders of the defunct Company, subject to the validity of the plaintiff's deed from Leach. In that case the court ordered the appointment of a receiver, the sale of the property, and the reimbursement to plaintiff for expenditures and attorney's fees.

This court then remanded the cause to the trial court for further proceedings.

As a result of the second trial we affirmed the trial court's determination adverse to plaintiff's asserted title and reaffirmed the order for attorney's fees. *Whatley v. Wood,* 157 Colo. 552, 404 P.2d 537 (1965).

The law announced in the first decision is the law of the case. It bound the trial court and binds this court also. We must now decide whether the allowance by the trial court of litigation expenses and attorney's fees to the defendants is proper under the unique circumstances of this litigation.

It should be noted that a receiver was appointed and the property sold. After the payment of the receivership expenses there remains for distribution to the stockholders of Colorado Carbon Company a fund of $37,934.59.

The trial court allowed the defendant stockholders to recover their litigation expenses and attorney's fees on the basis of their efforts in creating and preserving the common fund for the benefit of the stockholders of the defunct corporation, citing as authority for its holding language in the initial decision and Annot. 107 A.L.R. 749 and 49 A.L.R. 1149. There is evidence to support the award of the trial court.

The judgment is affirmed.

MR. JUSTICE DAY, MR. JUSTICE GROVES, and MR. JUSTICE LEE do not participate.